UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re: §
§
ASHWORTH, VERONICA § Case No. 2:10-bk-33035-GBN
§
Debtor(s) §

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that Eric M. Haley, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
Clerk of the U.S. Bankruptcy Court
230 N. First Ave., Ste. 101
Phoenix, AZ 85003

Any person wishing to object to any fee application that has not already been approved or to the Final Report must file a written objection within 21 days from the date from the mailing of this notice. The proposed distribution is dependent on the Court's ruling on the allowance of Administrative expenses, additional Court costs, remaining contests of claims, and additional interest.

Objections must be in writing and filed with a request for a hearing with the Clerk, U.S. Bankruptcy Court, 230 N. 1st Ave., Suite 101, Phoenix, AZ 85003, the trustee, Eric M. Haley, P.O. Box 13390, Scottsdale, AZ 85267, and the United States Trustee, 230 N. 1st Ave., Suite 204, Phoenix, AZ 85003-1706. If no objections are filed, the Court will act on the fee applications and the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 05/13/2013           By: /s/ Eric M. Haley
                                          Trustee


*Eric M. Haley*
*Chapter 7 Bankruptcy Trustee*
*P.O. Box 13390*
*Scottsdale, AZ 85267*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

In re: §
§
ASHWORTH, VERONICA § Case No. 2:10-bk-33035-GBN
§
Debtor(s) §

SUMMARY OF TRUSTEE'S FINAL REPORT
AND APPLICATIONS FOR COMPENSATION

The Final Report shows receipts of $

and approved disbursements of $

leaving a balance on hand of[1] $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Eric M. Haley | $ | $ | $ |
| Trustee Expenses: Eric M. Haley | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses $_____
Remaining Balance $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $         must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be         percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

NONE

Tardily filed claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be         percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $         have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be         percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

The amount of surplus returned to the debtor after payment of all claims and interest is $             .

Prepared By: /s/ Eric M. Haley
                                    Trustee

*Eric M. Haley*
*Chapter 7 Bankruptcy Trustee*
*P.O. Box 13390*
*Scottsdale, AZ 85267*


**STATEMENT:**  This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.